[Civ. No. 8590. First Appellate District, Division One.—September 17, 1932.]

C. R. TITUS, Respondent, v. F. W. STREHL et al., Appellants.

Frank V. Kington for Appellants.

Ira J. Darling for Respondent.

THE COURT.—On January 8, 1926, defendant Strehl was the owner of a parcel of real property in Alameda County. He was indebted to plaintiff in the sum of $775. On that date Strehl conveyed the property to defendant Eleanor Le Conte, who on April 23, 1926, conveyed the

same to the Stockholders' Auxiliary Corporation by a deed of trust to secure the payment of the sum of $1250. Previous to the first transfer plaintiff brought suit on his claim, and on June 23, 1927, procured a judgment against defendant Strehl therefor. An execution issued, by virtue of which the interest of Strehl in the property was levied upon and sold at sheriff's sale, the plaintiff being the purchaser. Thereafter a sheriff's deed to the property was executed to plaintiff, following which the present action was brought to have the transfer from Strehl to Le Conte adjudged void as to plaintiff, it being alleged that the same was voluntary and without consideration; that it was made in contemplation of insolvency and resulted in the insolvency of the grantor; also that the transfer was made with intent to delay and defraud creditors, and that the grantee took with notice of the facts alleged in the complaint. It was also alleged that defendants Frank Le Conte, Leren Powers and Mrs. Leren Powers claimed an interest in the property, which interest was subordinate to plaintiff's claim.

The trial court found in accordance with the complaint, but that the trust deed mentioned was executed to and accepted by the above-named corporation for a valuable consideration and without notice of the facts alleged. Judgment was entered adjudging the transfer from Strehl to be void, and plaintiff to be the owner of the property subject to said deed of trust.

Defendant Strehl died previous to the trial, and the other defendants, with the exception of the corporation, have appealed from the judgment. As grounds therefor it is claimed that the evidence was insufficient to support the findings.

The evidence shows that for some time previous to the transfer by Strehl he had been cared for by plaintiff and his wife at their home and that they had expended sums on his behalf. Disputes arose, following which Strehl left without paying and went to reside with defendants Powers, the parents of defendant Eleanor Le Conte. According to the latter she paid nothing for the conveyance, but she and others testified that her parents had rendered services and had agreed to care for Strehl during his lifetime, and that by agreement the conveyance was made to her, she undertaking to care for him in case he outlived her mother.

■ Under section 3442 of the Civil Code any transfer or encumbrance of property made voluntarily or without a valuable consideration by a party insolvent or in contemplation of insolvency is fraudulent and void as to existing creditors (*Lefrooth* v. *Prentice*, 202 Cal. 215 [259 Pac. 947]), and without reviewing here the testimony of other witnesses it will suffice to say that the circumstances disclosed by the evidence sufficiently supports the court's findings as above stated. The question of the weight to be given this testimony was for the trial court, it being the exclusive judge of the credibility of the witnesses (Code Civ. Proc., sec. 1847).

■ It is further urged that a communication, objected to on the ground that it was privileged, was improperly admitted in evidence. However this may be, the communication was of such a character that its admission, if erroneous, resulted in no miscarriage of justice.

The findings are fairly sustained, and no valid reason for reversing the judgment appears.

The judgment is affirmed.